**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ANGELA DUARTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| COMMERCIAL RECOVERY SYSTEMS, INC., | ) |
| and SANTANDER CONSUMER USA INC. , | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

## INTRODUCTION

1.  Plaintiff Angela Duarte brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Commercial Recovery Systems, Inc., and Santander Consumer USA Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and state law.

2.  The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.  The Illinois Collection Agency Act reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. . . . It is further declared to be the public policy of this State to protect consumers against debt collection abuse." 225 ILCS 425/1a.

1

## VENUE AND JURISDICTION

4.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337 and 28 U.S.C. §1367.

5.      Venue and personal jurisdiction in this District are proper because:

        a.      Defendant Commercial Recovery Systems, Inc.'s collection communications were received within this District.

        b.      Defendant Commercial Recovery Systems, Inc. does or transacts business within this District.

        c.      Defendant Santander Consumer USA Inc. is an Illinois corporation and does business within this District.

## PARTIES

6.      Plaintiff Angela Duarte is an individual who resides in the Northern District of Illinois.

7.      Defendant Commercial Recovery Systems, Inc. is a Texas corporation with its principal place of business at 8035 E R L Thornton Freeway, Suite 320, Dallas, TX 75228.   It does business in Illinois.  Its registered agent and office is CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

8.      Commercial Recovery Systems, Inc. operated a collection agency.  It is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others, including debts arising from the financing of automobiles.

9.      Commercial Recovery Systems, Inc. is a debt collector as defined in the FDCPA.

10.     Santander Consumer USA Inc. is an Illinois corporation that does business in Illinois.  Its address for service of process is CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

11.     Santander Consumer USA Inc., owns and services motor vehicle retail

2

installment sales contracts.

## FACTS

12.     Defendant Commercial Recovery Systems, Inc. has been attempting to collect from plaintiff an alleged debt owed to Santander Consumer USA Inc. on an automobile obtained for personal, family or household purposes and not for business purposes.

13.     On or about December 2011, a representative of defendant Commercial Recovery Systems called plaintiff in an attempt to collect the above alleged debt.

14.     Defendant's representative threatened to take plaintiff's tax refund, garnish plaintiff's unemployment benefits, and garnish plaintiff's mother's Social Security benefits.

15.     These threats were false.

16.     Plaintiff was frightened and upset by these threats, and agreed to enter into a payment plan under which $100 would be withdrawn from plaintiff's mother's bank account monthly.

17.     Five payments were made, until plaintiff's mother no longer had the ability to pay.  Exhibit 1.

18.      On or about Monday, July 23, 2012, a representative of defendant Commercial Recovery Systems,  Inc. using the name "Investigator Angela Daniels" left a voicemail message asking that plaintiff call her back.  The representative left the number 888-671-5378, which is issued to defendant Commercial Recovery Systems,  Inc.

19.      Plaintiff returned the call but did not reach anyone.

20.     The number 888-671-5378 has an outgoing message which contains the "investigator" title.

21.     On or about Tuesday, July 24, 2012, the same representative of defendant Commercial Recovery Systems,  Inc. using the same "Investigator" title called plaintiff and demanded that she pay the debt by 5 p.m. that day, threatening that if she did not, the sheriff

would come and take everything she and her mother owned. The caller also stated that "they" had a judgment against plaintiff.

22. Neither statement was true.

23. Plaintiff was frightened and upset by the calls.

24. Defendant Commercial Recovery Systems, Inc. has been the subject of numerous complaints alleging similar conduct, particularly threats to seize property when no judgment had been obtained, including among others:

     a. *Polifroni v. Commercial Recovery Systems, Inc.*, 11-03362 (D.N.J.);

     b. *Bullock v. Commercial Recovery Systems, Inc.*, 3:09cv1579 (N.D.Tex.);

     c. *Dix v. Commercial Recovery Systems, Inc.*, 3:09cv1584 (N.D.Tex.);

     d. *Wise v. Commercial Recovery Systems, Inc.*, 4:09cv1454 (D.S.C.);

     e. *Garcia v. Commercial Recovery Systems, Inc.*, 4:12cv01440 (S.D.Tex.).

25. On information and belief, defendant Commercial Recovery Systems, Inc. intentionally and maliciously engages in such intimidating and frightening conduct.

26. Defendant Santander Consumer USA Inc. knew or should have known of the record of defendant Commercial Recovery Systems, Inc.

27. It is customary in the collection business for creditors such as Santander Consumer USA Inc. to investigate debt collectors and obtain information about lawsuits such as those listed above.

28. Santander Consumer USA Inc. either learned of such complaints and hired a debt collector which it knew broke the law, or willfully blinded itself to the practices of Commercial Recovery Systems, Inc.

## COUNT I – FDCPA

29.     Plaintiff incorporates paragraphs 1-23.

30.     This claim is against Commercial Recovery Systems, Inc.

31.     Defendant Commercial Recovery Systems, Inc.'s statements violated 15 U.S.C. §§1692e, 1692e(2), 1692e(4), 1692e(5) and 1692e(10).

32.     Section 1692e provides:

> **§ 1692e.      False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2)      The false representation of--**
>
> **(A)      the character, amount, or legal status of any debt; . . .**
>
> **(4)      The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action. . . .**
>
> **(5)      The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**
>
> **(10)      The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant Commercial Recovery Systems, Inc. for:

(1)      Statutory and actual damages;

(2)      Attorney's fees, litigation expenses and costs of suit;

(3)      Such other and further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

33.     Plaintiff incorporates paragraphs 1-23.

5

34. This claim is against both defendants.

35. Defendant Commercial Recovery Systems, Inc. is a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

36. Defendant violated the following provisions of 225 ILCS 425/9:

> **. . . (12) Threatening the seizure, attachment or sale of a debtor's property where such action can only be taken pursuant to court order without disclosing that prior court proceedings are required. . . .**
>
> **(20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. . . .**

37. A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1ˢᵗ Dist. 1979). Santander Consumer USA Inc. is liable vicariously and for hiring a debt collector which it knew or should have known was violating the law. *Id.*

38. Plaintiff was damaged as a result.

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendants:

      (1)    Compensatory and punitive damages;

      (2)    Costs;

      (3)    Such other and further relief as is appropriate.

## COUNT III – INVASION OF PRIVACY

39. Plaintiff incorporates paragraphs 1-23.

40. This claim is against both defendants.

41. Defendant Commercial Recovery Systems, Inc. violated plaintiff's right to seclusion through the communications set forth above, which were highly offensive and unreasonable.

42. Santander Consumer USA Inc. is liable vicariously and for hiring a debt collector which it knew or should have known was violating the law.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of

plaintiff and against defendant for:

(1)     Actual damages;

(2)     Punitive damages;

(3)     Costs of suit;

(4)     Such other or further relief as the Court deems proper.

## COUNT IV – ILLINOIS CONSUMER FRAUD ACT

43.     Plaintiff incorporates paragraphs 1-23.

44.     This claim is against both defendants.

45.     Defendant Commercial Recovery Systems, Inc. engaged in unfair acts and practices in violation of 815 ILCS 505/2.

46.     The practices of defendant Commercial Recovery Systems, Inc. are contrary to public policy as expressed in the Fair Debt Collection Practices Act and the Illinois Collection Agency Act.

47.     The practices of defendant Commercial Recovery Systems, Inc. are intentionally unethical, oppressive and injurious to consumers.

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendants:

(1)     Compensatory and punitive damages;

(2)     An injunction against further violations;

(3)     Attorney's fees, litigation expenses and costs;

(4)     Such other and further relief as is appropriate.


s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Zachary A. Jacobs
EDELMAN, COMBS, LATTURNER
& GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

s/ Daniel A. Edelman
Daniel A. Edelman

## VERIFICATION

      I, Angela Duarte, state under penalty of perjury, as provided for by 28 U.S.C. §1746, that the statements in the foregoing complaint are true to the best of my recollection.

*Angela Duarte*

Angela Duarte

9

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any  recovery herein for 1/3 or such amount as a court awards.  All rights relating to attorney's fees have been assigned to counsel.


s/ Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)